**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTONIUS MARIA HEIJNEN,

Defendant-Appellant.

No. 05-2097
(District of New Mexico)
(D.C. No. CIV-05-171 WPJ/LCS)

**ORDER**

Before **BRISCOE**, **LUCERO** and **MURPHY**, Circuit Judges.

On February 16, 2005, Antonius Maria Heijnen filed an application for writ of habeas corpus in the United States District Court for the District of New Mexico. Heijnen was convicted of conspiracy and wire fraud and sentenced in the United States District Court for the District of South Carolina. He is currently incarcerated in New Mexico. In his application, Heijnen raised several constitutional claims relating to his conviction and sentence. The district court rejected Heijnen's *pro se* characterization of his application as one filed pursuant to 28 U.S.C. § 2242, concluding it was a 28 U.S.C. § 2255 motion because it challenged the validity of Heijnen's conviction and sentence. Accordingly, the

court dismissed the application without prejudice and instructed HEIJNEN that it must be filed with the district court in South Carolina. *See* 28 U.S.C. § 2255. ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move *the court which imposed the sentence* to vacate, set aside or correct the sentence." (emphasis added)).

HEIJNEN seeks to appeal the district court's dismissal of his application. Because our review of the record demonstrates that the district court properly characterized Heijnen's application as a § 2255 motion, HEIJNEN cannot pursue an appeal until he obtains a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(B) (providing that a movant may not appeal the denial of a § 2255 motion unless the movant first obtains a COA). To be entitled to a COA, HEIJNEN must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). We conclude the district court's dismissal of Heijnen's application

is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, this court **denies** HEIJNEN a COA and **dismisses** this appeal. Heijnen's motion to proceed *in forma pauperis* on appeal is **granted**.

Entered for the Court
CLERK, COURT OF APPEALS


By
    Deputy Clerk